

**PETER G. SIACHOS**
**Partner**
psiachos@grsm.com
Direct (646) 808-6358

One Battery Park Plaza, 28th Floor
New York, NY 10004
www.grsm.com

July 6, 2026

**<u>Via ECF</u>**

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  **Re:** ***Xeriant, Inc. v. XTI Aircraft Co., Case No. 23-CV-10656 (JPO)***

Dear Judge Oetken:

  We write pursuant to the Court's May 28, 2026 Order granting the parties' request for an extension of the fact discovery deadline to June 26, 2026, and directing the parties to file a status letter within seven days of the close of fact discovery. *See* ECF No. 123. We also write pursuant to Rule 4(G)(i) of Your Honor's Individual Rules and Practices in Civil Cases, which provides that, if the parties contemplate filing summary judgment motions, they shall first confer and jointly propose a briefing schedule by letter to the Court.

  Fact discovery has been completed. The parties completed the remaining fact depositions on June 15, 2026, in advance of the June 26, 2026 deadline, and no party seeks any further extension of the fact discovery deadline.

  XTI intends to move for summary judgment, or in the alternative partial summary judgment, on both claims asserted in Xeriant's Third Amended Complaint: Count I for breach of contract, which is based on Xeriant's claimed entitlement to consideration under the May 17, 2022 Letter, and Count II for fraud.

  XTI also intends to seek affirmative summary judgment, or in the alternative partial summary judgment, on XTI's counterclaims for breach of contract, declaratory judgment, and breach of fiduciary duty. Specifically, XTI intends to seek judgment on its claim that Xeriant breached the parties' Joint Venture Agreement by failing to satisfy its $10 million funding obligation and failing to cure its default after notice. XTI also intends to seek judgment on its breach of fiduciary duty claim based on Xeriant's conduct in exercising control over the joint venture while using a corporate opportunity that should have been advanced for the joint venture to negotiate a self-interested side arrangement for Xeriant's own benefit, including with respect to Xeriant's Auctus debt. XTI further intends to seek declaratory relief establishing, among other things, that the May 17, 2022 Letter Agreement expired by its terms or was not triggered, that the Joint Venture Agreement and the parties' joint venture terminated, that the joint venture

Hon. J. Paul Oetken
July 6, 2026
Page 2

technology and assets reverted to XTI, and that Xeriant has no further rights or interests in the joint venture technology, assets, or business beyond any remaining equity interest it received.

Xeriant intends to seek affirmative relief by moving for partial summary judgment on its (Xeriant's) Count I breach of contract claim seeking to enforce the provision relating to "any transaction" in the May 17, 2022 Letter Agreement.

Additionally, Xeriant intends to move for summary judgment on XTI's counterclaims, Count I breach of contract-the Joint Venture Agreement and Count II, XTI's counterclaim for breach of fiduciary.

The parties respectfully propose the following consolidated briefing schedule for XTI's motion and Xeriant's cross-motion:

- XTI's opening motion, memorandum of law, Rule 56.1 statement, declarations, and supporting exhibits: July 27, 2026;

- Xeriant's combined opposition to XTI's motion and opening papers in support of its cross-motion, including its memorandum of law, response to XTI's Rule 56.1 statement, Rule 56.1 statement in support of its cross-motion, declarations, and supporting exhibits: August 27, 2026;

- XTI's combined reply in support of its motion and opposition to Xeriant's cross-motion, including its response to Xeriant's Rule 56.1 statement, declarations, and supporting exhibits: September 14, 2026; and

- Xeriant's reply in support of its cross-motion: September 30, 2026.

The parties believe this consolidated schedule will avoid duplicative briefing and efficiently present the parties' respective motions for summary judgment.  We thank the Court for its consideration.

Respectfully submitted,

PETER G. SIACHOS

cc:     All counsel of record via ECF